RECEIVED
IN LAKE CHARLES, LA.
JUN -8 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO3:12CR00168-001 |
| VERSUS | * | JUDGE MINALDI |
| DAMION L. ALEXANDER | * | MAGISTRATE JUDGE |

MEMORANDUM ORDER

Presently before the court is the defendant's letter motion dated April 23, 2015 in which Alexander complains that he has not been properly credited for time served. Alexander is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania, well beyond the geographic boundaries of this court.

Alexander alleges that he has been incarcerated since July 27, 2012. He has been in the federal prison since September 4, 2013. He alleges that he did not receive credit for that period of time between July 27, 2012 and September 4, 2013. A claim for time served prior to the date of a federal sentence is cognizable only in a proceeding for habeas corpus relief brought pursuant to 28 U.S.C.§ 2241. *See Setser v. United States,* 132 S.Ct. 1463, 1473 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under § 2241 after first exhausting available administrative remedies through Bureau of Prisons); *United States v. Gabor,* 905 F.2d 76, 77–78 (5th Cir.1990) (holding claims for time served are not cognizable in a 28 U.S.C. Section 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. Section 2241). Thus, the relief which Alexander seeks cannot be awarded by this Court except in a habeas corpus proceeding brought pursuant to §2241. *Orozoco v. United States,* 2014 WL 4678305 (W.D. Tex, Sept 18, 2104).

Even if this court were to consider the letter from Alexander as a motion pursuant to §2241,

which the court declines to do, this Court could not exercise jurisdiction over such a §2241. To entertain a habeas corpus petition pursuant to § 2241, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *United States v. Gabor,* 905 F.2d at 78; *United States v. Brown,* 753 F.2d at 456; *McClure v. Hopper,* 577 F.2d 938, 939–40 (5th Cir.1978), *cert. denied,* 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979); *Blau v. United States,* 566 F.2d 526, 527 (5th Cir.1978). Alexander may file his application for federal habeas corpus relief under §2241 only in the district where he is currently in custody. *United States v. Weathersby,* 958 F.2d at 66; United States v. Mares, 868 F.2d at 151–52.

Accordingly, it is hereby **ORDERED** that the relief requested in Alexander's letter motion dated April 23, 2105 is **DISMISSED without prejudice for want of jurisdiction.**

Lake Charles, Louisiana this 6 day of September, 2015.

_____
PATRICIA MINALDI
United States District Judge